(Hamilton County Court of Common Pleas.)

MARSH v. THE VILLAGE OF HARTWELL et al.

Purchase of property by a village which has not the necessary funds on hand and gives a mortgage.
Purchase by a village of property in which one of its officers has an interest.

(Decided November, 1895.)

WILSON, J.

The evidence in this case shows that previous to July 15, 1895, there was talk of the purchase by the village of Hartwell of what is known as the "Park Lot." At a meeting of the village council there was an informal discussion relative to the purchase of this lot, but no action was taken which went upon the minutes. A majority of the members of council favored purchasing the lot, and Mr. A. J. Marsh, the village solicitor, was asked how it could be done. His answer was that the lot could be had for $2,000, but that the village could not buy it outright, for the reason that the money was not on hand to pay for it as required by the Burns law. It was suggested that the owners accept a mortgage and convey the equity of redemption to the village, and the village pay the mortgage and thus acquire the lot. On July 30, 1895, a mortgage for $2,000 covering this lot was executed to a building association, and on the same day the owners executed a quit-claim deed to the village. The matter came before the village council on August 5, and was accepted by it, the option being in the village to pay the dues under the mortgage, and one month's dues were paid. Marsh & Ritchie, previous to the execution of the mortgage, purchased a one-fifth interest in the lot, and took the title in the name of Mrs. Marsh. The testimony of Mr. Marsh was that this interest was purchased with the funds of Marsh & Ritchie, and that the title was taken in this way as a matter of convenience, and that they received their proportional share of the $2,000 with the other owners. Mr. Marsh was at the time solicitor of the village. The present application is to enjoin further payments.

Held: That the facts constitute an offer to the village on the part of the owners of the lot to sell it to the village by means of a mortgage, which the village had the option to accept by payment of the building association dues, and which would create a liability against the village unless the owners of the lot should pay the mortgage.

Section 6069, Rev. Stat., provides that no officer elected or appointed to any office of trust or profit in this state, while acting as such officer, shall become directly or indirectly interested in any contract for the purchase of any property for the use of the state, county, township, city, town or village. And in the case of Doll v. The State (45 Ohio St.) the Supreme Court held that any contract in contravention of this statute is void.

Mr. Marsh was interested in this contract, and being solicitor of the village would, if the contract were entered into, be interested in the purchase of property for the village. To allow the village to continue the payment of the dues under the mortgage would be to allow the village to enter into an illegal contract.

Injunction against payment of the mortgage granted.

Frank M. Gorman, for the injunction.

C. B. Matthews and Miller Outcalt, contra.